HOWARD THEATRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16310.   Promulgated April 17, 1929.

*Joseph B. Gilbert, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

58

## OPINION.

LANSDON: The petitioner contends that the value of its lease on the premises which it used for business purposes in each of the taxable years involved should be included in its invested capital and in the computation of depreciation deductible from its gross income in each year. The respondent concedes that the lease had a value of $12,500 when paid in for stock, but contends that such value, in conformity with the provisions of section 331 of the Revenue Act of 1918, must be excluded from invested capital, and second, that he has already allowed the petitioner a proper deduction from its gross income on account of the exhaustion of the leasehold.

In its income-tax return for 1921 petitioner took and was allowed a deduction in the amount of $3,125 on account of " Exhaustion, wear and tear." There is nothing in the record which enables us to determine whether any or all of this amount represented amortization of the lease or depreciation of equipment. There is the same uncertainty as to invested capital. Entirely aside from any effect that section 331 of the Revenue Act of 1918 may have on the situation here, the evidence does not sustain the petitioner's contention that it is entitled to an increased profits-tax credit in any of the years under review. For the year 1920 it has been allowed adjusted invested capital in the amount of $23,365.30, which is the par value of its outstanding capital stock decreased only by the proration of dividends paid in that year. Inasmuch as there is no evidence that it had any earned surplus in 1920, this indicates that the value of the leasehold acquired for stock was included in the computation of invested capital for such year and so far as we know this situation also applies to 1921. The evidence as to invested capital and depreciation is not sufficient to overcome the presumption that the determinations of the Commissioner are correct.

Throughout the year 1921 the petitioner employed the wife of its president and the sister of its secretary-treasurer manager as film reviewer and assistant secretary-treasurer manager, and in that year paid each a salary of $4,700. The record discloses that the gross income of the petitioner in 1921 was slightly more than $161,000. Expenses, including salaries of officers, reduced the net income to $3,166.70, which is sufficient to pay a 10 per cent dividend on outstanding capital stock with a remainder of $666.70 to be carried forward as surplus. The evidence indicates that M. C. Newell devoted her entire time to the affairs of the petitioner and that R. G. Retchin devoted all the time necessary to the efficient discharge of her duties and that the services of both contributed directly and largely to the production of the petitioner's operating income. In these circumstances we think the salaries of $4,700 paid to each in the taxable year were reasonable compensation for services rendered.

In the year 1920 the Commissioner deducted from earnings available for the payment of dividends in such year the amount of $1,169.50 as a tentative tax accrued in such year. We have held in *L. S. Ayers & Co.*, 1 B. T. A. 1135, that this procedure is not in conformity with the law and on this point we sustain the contention of the petitioner.

*Decision will be entered under Rule 50.*